IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JESUS JAVIER GARCIA BIASNO, | § | |
| | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| FACILITY ADMINISTRATOR, IAH Secure | § | CIVIL ACTION NO. 9:26-CV-00192 |
| Adult Detention Facility; FIELD OFFICE | § | JUDGE MICHAEL J. TRUNCALE |
| DIRECTOR OF THE ICE HOUSTON FIELD | § | |
| OFFICE OF ENFORCEMENT AND | § | |
| REMOVAL OPERATIONS; U.S. | § | |
| IMMIGRATIONS AND CUSTOMS | § | |
| ENFORCEMENT; U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY; TODD M. LYONS, | § | |
| in his Official Capacity as Acting Director, | § | |
| Immigration and Customs Enforcement; U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; KRISTI NOEM, in her Official | § | |
| Capacity as Secretary, U.S. Department of | § | |
| Homeland Security; and PAMELA JO BONDI, | § | |
| in her Official Capacity as Attorney General of | § | |
| the United States, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR HABEAS CORPUS**

Before the Court is Petitioner Jesus Javier Garcia Biasno (Garcia)'s Petition for Writ of Habeas

Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Garcia is a dual citizen of Spain and Venezuela who entered the United States under the

Electronic System for Travel Authorization (ESTA)[1] on July 24, 2014. [Dkt. 1 at 1]. Although Garcia's

---

[1] Participants in ESTA waive the right to challenge their removal from the United States. *See* 8 U.S.C. § 1187(b)(2). The Court assumes for argument's sake that Garcia did not knowingly waive his rights.

1

ESTA entry permitted him to remain in the United States for only 90 days, he remained in the country permanently. *See id.* In December 2025, United States Immigration and Customs Enforcement (ICE) detained Garcia. *Id.*

On March 11, 2026, Garcia brought a habeas corpus petition, claiming that his detention violates Article I and the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Immigration and Nationality Act

Garcia argues that, because he entered the United States legally, he cannot be detained without bond pending his removal. He is mistaken. While Garcia's lawful entry exempts him from mandatory detention under 8 U.S.C. § 1225(b), he can still be detained during removal proceedings at the Attorney General's discretion. *See* 8 U.S.C. § 1226(a). Crucially, neither section 1226(a) nor its accompanying regulations expressly require bond hearings. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Section 1226(a) itself merely provides that the Attorney General "*may* release" discretionarily detained aliens on bond. 8 U.S.C. § 1226(a) (emphasis added). However, the Attorney General can revoke an alien's bond "at any time." *Id.* § 1226(b). Likewise, regulations passed incident to section 1226(a) provide only that aliens detained under the statute "*may* request" a custody redetermination from an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The regulations do

2

not expressly require immigration judges to grant aliens' custody-redetermination requests or hold hearings on them. *See id.* §§ 236.1(d)(1), 1236.1(d)(1).

Read most logically, section 1226(a) and its ancillary regulations make bond hearings a discretionary remedy, not a required procedure. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, even if Garcia is not subject to mandatory detention under section 1225(b)(2)(A), he still would not be entitled to a bond hearing. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The Government's failure to afford Garcia a bond hearing therefore does not violate the INA and does not entitle him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV. CONCLUSION

It is therefore **ORDERED** that Garcia's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 5th day of August, 2026.**

Michael J. Truncale
United States District Judge